UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNSON, BRIAN VAN NESS, TRUSTEE
BRIAN VAN NESS JOHNSON TRUST #87-83-4504,

                Plaintiff,

-against-

RICHARD W. VERCOLLONE (TOWN JUSTICE); ADA CARPENTER (ADA TOWN OF SOUTHEAST); SHANE ROSSITER (PUTNAM COUNTY SHERIFF); KARINE PETINO (PUBLIC DEFENDER PUTNAM COUNTY),

                Defendants.

23-CV-7092 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated November 6, 2023, the Court dismissed this action for failure to state a claim and as frivolous, based on Plaintiff's suing individuals who are immune from liability under 42 U.S.C. § 1983. The Court granted Plaintiff 30 days' leave to assert a claim against Defendant Putnam County Sheriff Rossiter. On November 13, 2023, and November 14, 2023, Plaintiff filed two amended pleadings, both of which are substantially similar to Plaintiff's original pleading, naming the same Defendants.[1] Because the second amended complaint does not plead a claim upon which relief may be granted against Sheriff Rossiter, the Court dismisses this action and directs the Clerk of Court to enter judgment.

## DISCUSSION

This action concerns Plaintiff's state law matters. In Plaintiff's original complaint, he brought claims on behalf of his trust, the Brian-Vann Ness Johnson Trust ("Trust"), naming as

---

[1] The Court treats the second amended complaint as the operative pleading.

defendants Town Justice Richard Vercollone, Assistant District Attorney ("ADA") Carpenter, Putnam County Sheriff Shane Rossiter, and Putnam County Public Defender Karine Petino.

In the Court's November 6, 2023 order of dismissal, the Court (1) dismissed the claims brought on behalf of the Trust without prejudice to the Trust retaining counsel and initiating its own action; (2) dismissed Plaintiff's claims against Justice Vercollone and ADA Carpenter as frivolous because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(i), (iii); (3) dismissed Plaintiff's claims against Karine Petino, a private party who cannot be sued under Section 1983, for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(b)(ii); and (4) dismissed the claims against Sheriff Rossiter for failure to state a claim because Plaintiff did not allege any facts suggesting that Rossiter was personally involved in any event underlying any claim Plaintiff was asserting, with 30 days' leave to replead a claim against Rossiter.

Plaintiff's second amended complaint does not state any facts supporting a claim against Rossiter. Rather, Plaintiff styles his pleading as a petition for a writ of *habeas corpus*, seeking to "produce the BODY of the PRINCIPAL DEBTOR as he is a BODY Corporate/Account in Form."[2] (ECF 7, at 3.) Plaintiff asserts that

> his will demands that his Principal Debtor – BRIAN JOHNSON as a UNITED STATES Citizenship, be presented in his required Body Corporate/Account in Form to provide for a just probated accounting of all assets in order that the absolute Inherit Estate can be justly restored the Principal Creditor's control.

(*Id.*) Plaintiff describes the proceedings in this court as a "foreign proceeding" and wishes to have this matter reassigned to an "American Tribunal Court." (*Id.* at 3, 5.) Plaintiff also notes

---

[2] The Court quotes from the second amended complaint verbatim. All spelling, grammar, punctuation, and capitalization are as in the original unless noted otherwise.

that defense counsel, who have not appeared in this action, "are to be BARRED from this Court of Play and any further involvement in this Court Act." (*Id.* at 5.)

As Plaintiff does not state a claim against Rossiter, the claims against this Defendant are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's second amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   March 18, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge